UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES LITTON MORRIS,

    Plaintiff,
v.                                                    Case No. 3:16cv15-RV-CJK

OFFICER DERRICK JOHNSON, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's "Petition for Injunction to Enjoin State Court from Sentencing Petitioner Back to F.D.O.C. in Light of History of Official Abuse Evidenced by Pending United States District Court Case, and to Enjoin Future Imminent Acts of Abuse at the Hands of (those same Defendant) F.D.O.C. Officers." (Doc. 48).

Plaintiff was previously an inmate of the Florida Department of Corrections ("FDOC") confined at Northwest Florida Reception Center ("NWFRC"). In this action, plaintiff alleges he was assaulted by correctional officers at NWFRC on 2 occasions in 2014. After the second assault, he claims Corizon, LLC, denied him adequate medical treatment for an inguinal hernia. He was released from FDOC custody in November 2015 and placed on probation. He is currently confined at the Escambia County Jail awaiting sentencing for a probation violation. Although

plaintiff asserts his probation violation was not willful and substantial, he "declined reinstatement to probation" because he believes probation officials are "forc[ing] [him] to serve all of his probationary term incarcerated" by repeatedly filing "frivolous technical violations."  *See Burgin v. State*, 623 So. 2d 575, 576 (Fla. 1st DCA 1993) ("A violation which triggers a revocation of probation must be 'willful and substantial.'").  Plaintiff will be sentenced for the violation on July 14, 2017.  Through the current motion, he seeks an injunction prohibiting him from being returned to FDOC custody.  He claims the injunction is necessary to prevent him from being subject to further abuse by FDOC officers.

    Plaintiff's motion should be denied.  He is asking the court to enjoin a state court judge "from sentencing [him] back to the [FDOC]."  The court, however, cannot enter an injunction against nonparties.  *See Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1304 (11th Cir. 2012) ("It is well recognized that courts may not enter injunctions against persons or entities that [a]re not party to the litigation before them."); *In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs.*, 72 F.3d 842, 842-43 (11th Cir. 1995) (finding court lacked subject-matter jurisdiction to issue preliminary or permanent injunction against nonparty).

    In addition, plaintiff failed to show that a return to FDOC custody poses an immediate threat of danger.  *See Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) (stating that to obtain injunctive relief, a plaintiff must show "a real

and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury"). Although plaintiff points to the allegations in this case as evidence he may suffer abuse in the future, he has not prevailed in this or any other action alleging correctional officers violated his Eighth Amendment rights. Furthermore, plaintiff remained in FDOC custody for 18 months following the second alleged attack by officers on May 15, 2014; his complaint, however, does not claim he was subject to additional attacks between May 15, 2014, and his release from prison on November 15, 2015. His willingness to decline reinstatement to probation further undermines the claim that he faces imminent danger from FDOC custody.* Based on the foregoing, plaintiff's motion should be denied.

Accordingly, it is respectfully RECOMMENDED:

That plaintiff's "Petition for Injunction to Enjoin State Court from Sentencing Petitioner Back to F.D.O.C. in Light of History of Official Abuse Evidenced by Pending United States District Court Case, and to Enjoin Future Imminent Acts of Abuse at the Hands of (those same Defendant) F.D.O.C. Officers" (doc. 48) be DENIED.

---

* Plaintiff also claims a return to FDOC custody would subject him to potential harm by Corizon. Corizon, however, no longer provides healthcare services for the FDOC.

Case No. 3:16cv15-RV-CJK

At Pensacola, Florida, this 3rd day of July, 2017.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:16cv15-RV-CJK